Tyrone Blackburn, ESQ
Attorney NJS-ID # 232602020
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
(347) 342-7432
*Attorney for Plaintiff,* Olivia Nantongo

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLIVIA NANTONGO on behalf of herself and all others similarly situated,<br><br>         Plaintiff,<br><br>-v-<br><br>FRED V. CHARLES, individually and as principal of CHARLES LAW, P.C.; CHARLES LAW, P.C.; and RALPH CHARLES, individually,<br><br>         Defendants. | Case Number. 26-cv-1769<br><br>Civil Action<br>Complaint and Demand for<br>Jury Trial |

**NATURE OF ACTION**

1. This is a civil action arising from the systematic forgery of Plaintiff Olivia Nantongo's signature on multiple legal documents, the unauthorized settlement of her federal employment claims without her knowledge or consent, the theft of her settlement proceeds, and the deliberate concealment of these acts from her, this Court, and federal regulatory authorities. Plaintiff brings this action against her former attorney, Fred V. Charles, Esq., his law firm Charles Law, P.C., and his brother Ralph Charles — a federal ADR Mediator employed by the United States Equal Employment Opportunity Commission in its New York and New Jersey District Office — who served as the instrument through which the proceeds of the fraudulent scheme were laundered and delivered to Plaintiff under false pretenses.

2. Over a period spanning approximately three years — from December 2021 through December 2024 — Defendant Fred V. Charles forged Plaintiff's signature on at least four separate legal instruments: a Charge of Discrimination filed with the EEOC; an EEOC Charge; a Settlement Agreement; and a Notice of Acceptance of Rule 68 Offer of Judgment filed directly with this Court (Dkt. 42 in Case No. 22-cv-04974-MKB-VMS). He then personally notarized those documents, falsely certifying under oath that Plaintiff had personally appeared before him and had executed each document in his presence.

3. The involvement of Ralph Charles — an EEOC mediator whose federal role gave him access to and familiarity with EEOC processes, charging party information, and settlement procedures — was not incidental. Upon information and belief, Ralph Charles's position as an ADR Mediator at the EEOC provided Fred V. Charles with an informational and procedural advantage in orchestrating and concealing the forgery scheme and lent the fraudulent scheme an aura of institutional legitimacy that it would not otherwise have had. Ralph Charles's participation in the delivery of the settlement proceeds, and his affirmative misrepresentation to Plaintiff that "Fred has already been paid," constituted substantial assistance in furtherance of the fraud.

4. As a direct and proximate result of Defendants' conduct, a Clerk's Judgment was entered in this Court in or around December 2024, extinguishing all of Plaintiff's federal and state wage and hour claims without her knowledge or authorization. Fred Charles disbursed the proceeds of the settlement to himself as purported "attorneys' fees" and caused Ralph Charles to deliver a check to Plaintiff under the false representation that "Fred has already been paid" — thereby deceiving Plaintiff into accepting a partial payment without understanding what it represented, what claims had been released, or that a judgment had been entered against her employer in federal court.

5. Plaintiff seeks compensatory damages, treble damages pursuant to New York Judiciary Law § 487, punitive damages, disgorgement of all proceeds retained by Defendants, and all other relief this Court deems just and proper.

## PARTIES

6. Plaintiff OLIVIA NANTONGO is a citizen and resident of Sweden. She is a citizen of Uganda. She was formerly employed by Nationwide Mortgage Bankers, Inc. in Queens, New York, and retained Defendant Fred V. Charles to represent her in connection with her federal and state wage and hour claims in or around 2021.



**FRED CHARLES**

7.  Defendant FRED V. CHARLES, ESQ. is an individual and a licensed attorney admitted to the practice of law in the State of New York. He is the principal and owner of Charles Law, P.C. His office is and was located at 1612 Central Ave., 4th Floor, Far Rockaway, New York 11691[1]. He maintains a notary public commission in the State of New York, Commission No. 02CH6423718, Qualified in Queens County. Upon information and belief, Fred V. Charles is domiciled and resides in the State of New York and is a citizen of the State of New York for purposes of diversity jurisdiction.

8.  Defendant CHARLES LAW, P.C. is a professional corporation organized under the laws of the State of New York, with its principal place of business at 1612 Central Ave., 4th Floor, Far Rockaway, New York 11691. At all times relevant herein, Fred V. Charles acted as agent, principal, and alter ego of Charles Law, P.C. in committing the acts alleged herein. The acts of Fred V. Charles alleged herein were committed in the course and scope of his role as principal of Charles Law, P.C. and are imputed to the firm. Charles Law, P.C. is a citizen of the State of New York.

---

[1] Upon information and belief, this is a virtual mail forwarding office. Fred Charles works primarily out of his home located at 1428 Granada Place, Far Rockaway, NY 11691.



**RALPH CHARLES**

9. Defendant RALPH CHARLES is an individual who, upon information and belief, is the brother of Fred V. Charles and is domiciled and resides in the State of New York. Ralph Charles is a citizen of the State of New York. At all times relevant herein, Ralph Charles was employed as an ADR Mediator by the United States Equal Employment Opportunity Commission, New York and New Jersey District Office. Ralph Charles is not a licensed attorney and was acting in his personal capacity — and not within the scope of his federal employment — at all times relevant to the fraudulent acts alleged herein. His precise residential address is presently unknown to Plaintiff; Plaintiff reserves the right to amend this Complaint upon ascertaining his address through discovery or service of process investigation.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2). Plaintiff is a citizen of a foreign state (Sweden). All Defendants are citizens of the State of New York. The amount in controversy exceeds $75,000, exclusive of interest and costs, as Plaintiff seeks compensatory damages, treble damages under Judiciary Law § 487, and punitive damages.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District, including: (a) Plaintiff's employment at NMB's Queens, New York office; (b) the retention of Fred V. Charles, whose office is located in Far Rockaway, Queens, New York; (c) the preparation,

execution, notarization, and transmission of all Forged Documents at or from Defendants' offices in Queens, New York; and (d) the filing of the forged Acceptance of Rule 68 Offer of Judgment in the Eastern District of New York, Case No. 22-cv-04974-MKB-VMS.

## FACTUAL ALLEGATIONS

A. <u>Plaintiff's Employment and Retention of Fred V. Charles</u>

12. Plaintiff Olivia Nantongo, a citizen of Uganda and resident of Sweden, was employed by Nationwide Mortgage Bankers, Inc. ("NMB") at NMB's Queens, New York office from approximately February 2020 through July 2021. During her employment, NMB systematically failed to pay Plaintiff minimum wage, overtime wages, and other compensation to which she was entitled under the FLSA and the NYLL.

13. In or around late 2021, Plaintiff retained Defendant Fred V. Charles, Esq. and his law firm, Charles Law, P.C., with offices at 1612 Central Ave., 4th Floor, Far Rockaway, New York 11691, and 1428 Granada Place, Far Rockaway, NY 11691, to represent her in connection with her wage and hour claims against NMB. Plaintiff communicated with Fred V. Charles directly, in person and by telephone. At the time of her retention, Plaintiff provided Fred V. Charles with information about her employment, wages, and the circumstances of her termination. The attorney-client relationship imposed upon Fred V. Charles and Charles Law, P.C. a fiduciary duty to act in Plaintiff's best interests, to keep her informed of all material developments, to obtain her prior informed consent before settling any claims, and to account fully for all funds received on her behalf.

14. Upon information and belief, at no time did Plaintiff grant Fred V. Charles express or implied authority to settle her claims, accept any offer of judgment, execute any settlement agreement, or accept any Rule 68 offer of judgment on her behalf without first presenting the terms to Plaintiff and obtaining her written, informed consent.

B. <u>Ralph Charles — Federal EEOC Mediator and His Relationship to the Scheme</u>

15. Defendant Ralph Charles is, upon information and belief, employed by the United States Equal Employment Opportunity Commission as an ADR (Alternative Dispute Resolution) Mediator in the EEOC's New York and New Jersey District Office. In that capacity, Ralph Charles serves as a federal mediator who facilitates the resolution of EEOC charges between charging parties

and respondents, has intimate familiarity with the EEOC charge filing process, the content and structure of EEOC charging documents, EEOC administrative procedures, and the manner in which EEOC charges are processed, tracked, and resolved.

16. Ralph Charles is the brother of Fred V. Charles, Esq. Upon information and belief, Ralph Charles and Fred V. Charles maintained a close personal and professional relationship at all times relevant herein, communicated regularly regarding Fred V. Charles's legal practice, and specifically communicated regarding the handling of Plaintiff's EEOC charge and the subsequent settlement of her federal claims.

17. Ralph Charles's position as an EEOC mediator is directly relevant to this action for the following reasons:

- His federal role gave him direct familiarity with the EEOC charge filing process — including the form, content, and procedural requirements for a valid EEOC Charge of Discrimination — and thus with the specific documents Fred V. Charles forged on Plaintiff's behalf (Q1 and Q2).
- His institutional familiarity with EEOC processes and his access to EEOC systems, upon information and belief, enabled Fred V. Charles to navigate the EEOC administrative process with forged documents in a manner designed to avoid detection.
- His personal delivery of the settlement check to Plaintiff — and his knowing misrepresentation that "Fred has already been paid" — constituted the final act of concealment in the fraudulent scheme, executed with knowledge of the settlement proceeds and the unauthorized nature of the transaction; and
- His position as a federal employee with institutional authority lent his misrepresentation an aura of credibility that Plaintiff reasonably relied upon.

18. Upon information and belief, Ralph Charles at no time disclosed to Plaintiff — or to any supervisor, colleague, or official at the EEOC — that his brother Fred V. Charles was the attorney of record in an EEOC charge that Ralph Charles may have been in a position to influence, monitor, or access through his official EEOC role. The precise nature and extent of Ralph Charles's use of his EEOC position in furtherance of the scheme alleged herein is peculiarly within his own knowledge and will be the subject of targeted discovery, including subpoenas directed to the EEOC for records of any EEOC employee access to the charges filed on Plaintiff's behalf.

19. Ralph Charles's conduct as alleged herein was committed in his personal capacity and not within the scope of his federal employment. Plaintiff does not assert that the United States or the EEOC bears institutional responsibility for Ralph Charles's personal misconduct. Plaintiff

reserves the right to amend this Complaint to add additional parties or claims as discovery reveals the full extent of Ralph Charles's use of his official position.

C.  The Four Forged Documents — Who, What, Where, When, and How

20. Notwithstanding his fiduciary obligations and without Plaintiff's knowledge, Fred V. Charles, acting from his offices at 1612 Central Ave., 4th Floor, Far Rockaway, New York 11691, and 1428 Granada Place, Far Rockaway, NY 11691, forged Plaintiff's signature on the following four documents (collectively, the "Forged Documents"):

**(a) Forgery No. 1 — EEOC Charge of Discrimination (Q1)[2]**
- Who: Fred V. Charles forged the signature of Olivia Nantongo. Fred V. Charles then personally affixed his notary public stamp (No. 02CH6423718, Qualified in Queens County) to the document.
- What: A Charge of Discrimination in the form of EEOC Form 5 (the "Q1 Document"), submitted to the U.S. Equal Employment Opportunity Commission in connection with Plaintiff's employment discrimination claims against NMB. The Q1 Document bears a purported signature of "Olivia Nantongo" on the signature line, and a notarial acknowledgment executed by Fred V. Charles certifying that Plaintiff personally appeared before him, presented identification, and voluntarily signed the document.
- Where: The Q1 Document was prepared and executed at or from Defendants' offices at 1612 Central Ave., 4th Floor, Far Rockaway, New York, and 1428 Granada Place, Far Rockaway, NY 11691, and transmitted to the EEOC.
- When: The Q1 Document is dated December 23, 2021.
- How: Fred V. Charles electronically affixed a digitally duplicated image of a signature purporting to be that of Olivia Nantongo onto the Q1 Document — without Plaintiff's presence, participation, knowledge, or consent. He then executed a notarial acknowledgment falsely certifying that Plaintiff had personally appeared before him and signed the document. Plaintiff was not present. Plaintiff did not sign. Plaintiff did not present any identification to Fred V. Charles in connection with this document.
- Why: Fred V. Charles forged Plaintiff's signature on the Q1 Document in order to initiate EEOC proceedings in Plaintiff's name — proceedings through which he could generate a fee-bearing civil lawsuit — without obtaining Plaintiff's contemporaneous, informed authorization for the form and content of the charge.

**(b) Forgery No. 2 — EEOC Charge (Q2)[3]**
- Who: Fred V. Charles forged the signature of Olivia Nantongo.
- What: An EEOC Charge (the "Q2 Document") bearing a purported signature of Olivia Nantongo, submitted to the EEOC in connection with Plaintiff's employment claims against NMB.

---

[2] See attached Exhibit 1: EEOC Charge of Discrimination.
[3] See attached Exhibit 2: EEOC Charge.

- Where: Prepared and executed at or from Defendants' offices at 1612 Central Ave., 4th Floor, Far Rockaway, New York, and 1428 Granada Place, Far Rockaway, NY 11691, and transmitted to the EEOC.
- When: The Q2 Document is dated January 20, 2022.
- How: Fred V. Charles electronically affixed the same digitally duplicated signature image used in Q1 onto the Q2 Document, without Plaintiff's presence, participation, knowledge, or consent. The signature on Q2 is forensically identical to the signatures on Q1, Q3, and Q4 — a scientific impossibility for genuine signatures executed on four separate occasions over three years, as confirmed by Plaintiff's retained forensic document examiner, Kathy S. Carlson, C.F.D.E., C.Q.D.E.
- Why: Fred V. Charles forged Plaintiff's signature on Q2 to create a second EEOC instrument in Plaintiff's name without her contemporaneous participation, and to use that instrument as the basis for the federal lawsuit he subsequently filed on her behalf.

**(c) Forgery No. 3 — Settlement Agreement (Q3)[4]**

- Who: Fred V. Charles forged the signature of Olivia Nantongo and purported to execute the Settlement Agreement as both signatory and as counsel.
- What: A Settlement Agreement (the "Q3 Document") dated November 21, 2024, between NMB and purported signatory Olivia Nantongo, resolving all of Plaintiff's FLSA and NYLL claims in Case No. 22-cv-04974-MKB-VMS for a sum of money. The precise total settlement amount is presently unknown to Plaintiff and is within the exclusive knowledge and possession of Fred V. Charles, Charles Law, P.C., NMB, and NMB's counsel; Plaintiff will seek disclosure of the full settlement amount through discovery.
- Where: The Q3 Document was prepared and executed at or from Defendants' offices at 1612 Central Ave., 4th Floor, Far Rockaway, New York, and 1428 Granada Place, Far Rockaway, NY 11691, and transmitted to NMB's counsel, Justin M. Reilly, Esq. of The NHG Law Group, P.C., Massapequa, New York.
- When: The Q3 Document is dated November 21, 2024.
- How: Fred V. Charles electronically affixed the same digitally duplicated signature image — forensically identical to the signatures on Q1, Q2, and Q4 — onto the Q3 Document. He transmitted the signed Q3 Document to NMB's counsel as a genuine, voluntarily executed settlement agreement. NMB's counsel and NMB justifiably relied on the forged Q3 Document as genuine and, in reliance thereon, agreed to pay the settlement sum and to consent to the Rule 68 judgment process described below.
- Why: Fred V. Charles forged Plaintiff's signature on Q3 in order to effectuate an unauthorized settlement of Plaintiff's claims — a settlement whose terms Plaintiff would not have accepted — and to create the predicate for the filing of the forged Rule 68 acceptance described below, thereby extinguishing Plaintiff's claims and freeing NMB from liability while generating settlement proceeds that Fred V. Charles then converted to his own use.

///
///
///

---

[4] See attached Exhibit 3: Settlement Agreement.

**(d) Forgery No. 4 — Notice of Acceptance of Rule 68 Offer of Judgment (Q4)[5]**

- Who: Fred V. Charles forged the signature of Olivia Nantongo on a court filing submitted directly to this Court.
- What: A Notice of Acceptance of Rule 68 Offer of Judgment (the "Q4 Document"), filed in this Court as Dkt. 42 in Case No. 22-cv-04974-MKB-VMS, bearing a purported signature of Olivia Nantongo and purporting to accept a Rule 68 Offer of Judgment from Defendant NMB in the amount of $20,000, inclusive of all unpaid wages, liquidated damages, statutory penalties, pre-judgment interest, and attorneys' fees and costs.
- Where: The Q4 Document was prepared at or from Defendants' offices at 1612 Central Ave., 4th Floor, Far Rockaway, New York, and 1428 Granada Place, Far Rockaway, NY 11691, and filed electronically with the Clerk of this Court via ECF on December 6, 2024.
- When: The Q4 Document bears the date December 6, 2024, and was filed with this Court on December 6, 2024.
- How: Fred V. Charles electronically affixed the same digitally duplicated signature image onto the Q4 Document — the same signature forensically identified as electronically cut-and-pasted across all four Forged Documents — and filed it with this Court as a genuine acceptance by Plaintiff. As a direct result of the filing, the Clerk of this Court entered a judgment in Case No. 22-cv-04974-MKB-VMS, extinguishing all of Plaintiff's claims against NMB.
- Why: Fred V. Charles forged Plaintiff's signature on Q4 and filed it with this Court for the purpose of obtaining a judgment in his client's name — without her knowledge or consent — so that he could collect the settlement proceeds from NMB, convert those proceeds to his own benefit, and close the case without Plaintiff ever learning the terms of the settlement, the amount received, or the extent of his unauthorized conduct.

21. Plaintiff did not sign any of the Forged Documents. Plaintiff did not authorize Fred V. Charles to sign any of the Forged Documents on her behalf. Plaintiff did not appear before Fred V. Charles or any notary in connection with any of the Forged Documents. Plaintiff received no copy of any Forged Document, no notice they had been filed, and no communication disclosing that a settlement had been reached or a judgment entered.

22. Plaintiff retained forensic document[6] examiner Kathy S. Carlson, C.F.D.E., C.Q.D.E., of Western Forensic Document Examiner, LLC, to examine the Forged Documents using the Law of ACEV (Analysis, Compare, Evaluate, Verify) methodology. Ms. Carlson is a Certified Forensic Document Examiner, Certified Questioned Document Examiner, and current President of the International Association of Document Examiners. Ms. Carlson concluded that:

---

[5] See attached Exhibit 4: Notice of Acceptance of Rule 68 Offer of Judgment.
[6] See attached Exhibit 5: Kathy S. Carlson, C.F.D.E., C.Q.D.E., of Western Forensic Document Examiner, LLC. Report.

- The signatures purporting to be those of Olivia Nantongo on all four Forged Documents are forensically identical to one another across a span of approximately three years (December 2021 through December 2024).
- Identical signatures across multiple documents over multiple years are a scientific impossibility for genuine signatures, as handwriting is a complex neuromuscular process that necessarily produces natural variation with each individual execution; and
- The forensically identical signatures were electronically manipulated — cut and pasted from a single source signature image onto each document — without Ms. Nantongo's knowledge or participation.

**D. Fred Charles Falsely Notarized the Forged Documents**

23. On at least the Q1 Document (Charge of Discrimination, dated December 23, 2021), Fred V. Charles — acting in his capacity as a notary public commissioned in the State of New York (No. 02CH6423718, Qualified in Queens County) — affixed his notary stamp and personally executed a notarial acknowledgment certifying all of the following: (1) that Olivia Nantongo personally appeared before him at his office in Far Rockaway, Queens, New York; (2) that she presented valid, government-issued identification confirming her identity; (3) that he personally witnessed her execute the document by signing it in his presence; and (4) that the signature on the document was her genuine, voluntary act. *See* N.Y. Exec. Law § 135, N.Y. Real Prop. Law § 303.

24. Each of these certifications was knowingly and deliberately false. Plaintiff was not present at Fred Charles's office or anywhere else in connection with Q1. She did not sign Q1. She did not present any identification to Fred V. Charles. No one appeared before Fred V. Charles in connection with Q1 as a notarial act. By executing a false notarial acknowledgment on a forged document, Fred V. Charles: (a) committed a misdemeanor under N.Y. Exec. Law § 135-a; (b) created a fraudulently authenticated document that the EEOC and this Court were induced to treat as genuine; and (c) added a layer of official credibility to the forgery designed to make it impervious to challenge.

**E. The Unauthorized Settlement and Entry of Judgment**

25. On or about November 21, 2024, without Plaintiff's knowledge, authorization, or consent, Fred V. Charles negotiated and purported to execute the Q3 Settlement Agreement on Plaintiff's behalf, resolving all of her claims against NMB. Fred V. Charles did not inform Plaintiff that a Rule 68 offer had been made, that settlement negotiations were underway, that a settlement had been reached, or that he intended to accept any offer on her behalf.

26. The Rule 68 Offer of Judgment accepted by Fred Charles on Plaintiff's behalf was in the amount of $20,000, inclusive of all unpaid wages, liquidated damages, statutory penalties, pre-judgment interest, and attorneys' fees and costs. Upon information and belief, the total value of Plaintiff's wage and hour claims — had they been litigated through discovery and trial — substantially exceeded $20,000. Fred V. Charles accepted this sum without Plaintiff's knowledge or consent and without any assessment of whether the settlement amount was adequate or in Plaintiff's interests.

27. Upon information and belief, after receiving the settlement proceeds from NMB or its counsel, Fred V. Charles retained the majority or all of the settlement funds as purported attorneys' fees, without a written fee agreement authorizing that fee, without providing Plaintiff with an itemized billing statement, without providing a closing statement or disbursement accounting, and without Plaintiff's informed consent to the fee arrangement. The precise amount retained by Fred V. Charles is currently unknown to Plaintiff and is within the exclusive possession and control of Fred V. Charles, Charles Law, P.C., NMB, and NMB's counsel. Plaintiff will seek disclosure of this information through discovery and, if necessary, through a subpoena to NMB's counsel.

F. **Ralph Charles's Role in the Fraudulent Scheme**

28. Following the unauthorized settlement and entry of judgment, and in furtherance of the fraudulent scheme, Defendant Ralph Charles — Fred V. Charles's brother and a federal EEOC ADR Mediator — personally contacted Plaintiff and delivered a check to her representing a partial distribution of the settlement proceeds. When Ralph Charles delivered the check, he made the following affirmative representation directly to Plaintiff: **"Fred has already been paid."**

29. This statement was false and materially misleading in the following specific respects:

- It concealed the total amount of settlement proceeds received by Fred V. Charles and/or Charles Law, P.C. from NMB.
- It falsely implied that the amount contained in the check represented the full amount to which Plaintiff was entitled after a legitimate, authorized, and properly disclosed fee deduction.
- It concealed the fact that the settlement was never authorized by Plaintiff.
- It concealed the fact that the "fee" retained by Fred Charles was not authorized by any written fee agreement or disclosed to Plaintiff; and
- It was designed to, and did, cause Plaintiff to accept the check without demanding a full accounting, without contacting the Court, and without consulting independent counsel.

30. Upon information and belief, Ralph Charles made this false statement with actual knowledge that: (a) the settlement was conducted without Plaintiff's authorization; (b) Fred Charles had retained settlement proceeds far in excess of any legitimately earned fee; and (c) the check being delivered to Plaintiff did not represent the full amount to which she was entitled. The basis for this belief is as follows: Ralph Charles was personally tasked by Fred Charles with the delivery of the settlement check — a role that required him to know the transaction had been completed and that Fred had been compensated; Ralph Charles made a specific affirmative statement about Fred's compensation, which demonstrates direct knowledge of the financial terms; and, as Fred Charles's brother, Ralph Charles was uniquely positioned to have direct knowledge of Fred's conduct and finances. The full extent of Ralph Charles's knowledge is peculiarly within his own possession and will be fully developed through discovery, including depositions and subpoenas directed to Ralph Charles and to any financial institution through which the settlement proceeds were disbursed.

31. Alternatively and upon information and belief, even if Ralph Charles was not aware of every element of the underlying forgery, he knowingly made a false representation to Plaintiff for the purpose of inducing her to accept the check without inquiry — an independent act of fraud causing her to forfeit her right to seek a full accounting and to discover the unauthorized nature of the settlement.

### G. Plaintiff's Discovery of the Fraud

32. Plaintiff had no reason to suspect fraud. She trusted Fred V. Charles as her retained attorney and fiduciary. She received a check from Ralph Charles — a federal EEOC mediator — accompanied by a specific representation about her attorney's compensation. She is not a lawyer, is not a United States citizen, had no access to this Court's ECF docket, and had no means of independently verifying the representation made to her. She did not know that a Rule 68 offer had been made, that an acceptance had been filed, or that a Clerk's Judgment had been entered.

33. In or around early 2026, Plaintiff retained Tyrone A. Blackburn, Esq. of T.A. Blackburn Law, PLLC as new counsel. Counsel pulled the docket in Case No. 22-cv-04974-MKB-VMS and provided Plaintiff with copies of all filed documents, including the forged Q4 Acceptance of Rule 68 Offer of Judgment (Dkt. 42). This was the first time Plaintiff became aware that any settlement had been reached, that documents bearing her forged signature had been filed with

this Court, or that a judgment had been entered extinguishing her claims. Plaintiff could not have discovered the fraud at any earlier time through the exercise of reasonable diligence.

34. This action is timely under CPLR 213(1), which governs Judiciary Law § 487 claims and provides a six-year limitations period from the date of the wrongful act. *Melcher v. Greenberg Traurig*, 23 N.Y.3d 10 (2014). The most recent predicate act — the filing of the forged Q4 Document with this Court on December 6, 2024 — occurred less than six months before the filing of this Complaint. All claims are independently timely under CPLR 213(8)'s two-year discovery rule, as Plaintiff first discovered the fraud in early 2026.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION — Violation of New York Judiciary Law § 487
*(Against Fred V. Charles and Charles Law, P.C.)*

35. Plaintiff repeats and realleges paragraphs above as if fully set forth herein.

36. New York Judiciary Law § 487(1) provides that an attorney who "is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" is liable to the injured party for treble damages in a civil action.

37. At all relevant times, Case No. 22-cv-04974-MKB-VMS was a pending judicial proceeding within the meaning of § 487. *See Bill Birds, Inc. v. Stein Law Firm, P.C.*, 35 N.Y.3d 173 (2020).

38. During the pendency of that proceeding, Fred V. Charles committed the following acts of intentional deceit, each constituting an independent § 487 violation:

- On December 6, 2024, from 1612 Central Ave., Far Rockaway, Queens, New York, he filed the forged Q4 Document (Dkt. 42) with this Court, representing that Plaintiff had voluntarily accepted NMB's Rule 68 Offer of Judgment, with intent to deceive this Court into entering judgment without Plaintiff's knowledge or consent.
- On November 21, 2024, from 1612 Central Ave., Far Rockaway, Queens, New York, he executed and transmitted the forged Q3 Settlement Agreement to NMB's counsel, representing that Plaintiff had authorized and executed the settlement, with intent to deceive NMB, NMB's counsel, and this Court.
- On January 20, 2022, from 1612 Central Ave., Far Rockaway, Queens, New York, he submitted the forged Q2 EEOC Charge to the EEOC, with intent to deceive the EEOC; and
- On December 23, 2021, from 1612 Central Ave., Far Rockaway, Queens, New York, he submitted the forged and falsely notarized Q1 Charge of Discrimination to the EEOC, with intent to deceive the EEOC.

39. The New York Court of Appeals held in *Amalfitano v. Rosenberg*, 12 N.Y.3d 8, 14 (2009) that a single act of intentional deceit supports a § 487 claim and that proof of actual success in

deceiving the court or party is not required. Here, multiple acts of deceit are alleged, each independently sufficient.

40. As a direct and proximate result, Plaintiff suffered: loss of the full value of her FLSA and NYLL claims; loss of the full settlement proceeds to which she was entitled; and costs incurred in retaining new counsel and a forensic expert.

41. Pursuant to Judiciary Law § 487, Plaintiff is entitled to treble damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION — Common Law Fraud**
*(Against All Defendants)*

42. Plaintiff repeats and realleges paragraphs above as if fully set forth herein.

43. Under New York law, common law fraud requires: (1) a material misrepresentation of a presently existing or past fact; (2) made with knowledge of its falsity; (3) with intent to induce reliance; (4) justifiable reliance; and (5) resulting damages. *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 421 (1996). Fraud claims must be pleaded with particularity pursuant to Federal Rule of Civil Procedure 9(b).

44. As to Fred V. Charles and Charles Law, P.C., the following specific misrepresentations of material fact were made:

| # | Misrepresentation | Who | What | Where | When | To Whom |
|---|---|---|---|---|---|---|
| 1 | That Plaintiff had personally appeared, presented ID, and signed the Q1 Charge of Discrimination | Fred V. Charles | False notarial acknowledgment on Q1 | EEOC / executed at 1612 Central Ave., Far Rockaway, NY | December 23, 2021 | EEOC |
| 2 | That Plaintiff had voluntarily signed the Q2 EEOC Charge | Fred V. Charles | Forged signature on Q2 | EEOC / executed at 1612 Central Ave., Far Rockaway, NY | January 20, 2022 | EEOC |
| 3 | That Plaintiff had voluntarily signed and authorized the Q3 Settlement Agreement | Fred V. Charles | Forged signature on Q3 | Transmitted to NHG Law Group, Massapequa, NY | November 21, 2024 | NMB and its counsel |

| # | Misrepresentation | Who | What | Where | When | To Whom |
|---|---|---|---|---|---|---|
| 4 | That Plaintiff had voluntarily accepted NMB's Rule 68 Offer of Judgment and signed the Q4 Document | Fred V. Charles | Forged signature on Q4, filed as Dkt. 42 | Eastern District of New York, ECF filing | December 6, 2024 | This Court, NMB, and NMB's counsel |

45. Each of the foregoing misrepresentations was made with knowledge of its falsity: Fred V. Charles knew the signatures were forged because he forged them; he knew the notarial certifications were false because Plaintiff never appeared before him; and he knew the settlement and Rule 68 acceptance were unauthorized because he never obtained Plaintiff's consent.

46. Each misrepresentation was made with intent to induce reliance: Fred V. Charles intended the EEOC to accept the charges as genuine; he intended NMB and its counsel to rely on the Q3 Settlement Agreement as a binding, authorized settlement; and he intended this Court to rely on the Q4 Document as a genuine, client-authorized acceptance of judgment — all for the purpose of extinguishing Plaintiff's claims and generating proceeds that he could convert to his own use.

47. Each misrepresentation induced justifiable reliance: The EEOC accepted the charges and issued a right-to-sue letter based on Q1 and Q2; NMB and its counsel executed the settlement and tendered payment in reliance on Q3; and this Court entered a Clerk's Judgment in Case No. 22-cv-04974-MKB-VMS in reliance on Q4. Plaintiff herself justifiably relied on Fred V. Charles's implied ongoing representation that he was acting within the scope of her authorization and in her interests, as was his fiduciary obligation.

48. As to Ralph Charles, the following specific misrepresentation of material fact was made:

- Who: Ralph Charles, brother of Fred V. Charles, acting as the agent and instrument of the fraudulent scheme.
- What: The statement "Fred has already been paid" — a false and misleading representation that concealed: (a) the total amount of settlement proceeds received; (b) the unauthorized nature of the settlement; (c) the fact that the check delivered to Plaintiff was not the full net settlement amount after a legitimately authorized fee; and (d) the fact that a judgment had been entered in federal court extinguishing all of Plaintiff's claims;

- Where: Made in person to Plaintiff at the time Ralph Charles delivered the settlement check to her, at a location in the New York City metropolitan area (precise location to be determined through discovery).
- When: In or about December 2024 or January 2025, following the entry of judgment in Case No. 22-cv-04974-MKB-VMS (precise date to be established through discovery).
- To Whom: Plaintiff Olivia Nantongo, directly.

49. Ralph Charles made this statement with knowledge of its falsity: Upon information and belief, Ralph Charles knew the amount received by Fred Charles, knew that the settlement was unauthorized, and knew that the check did not represent the full amount to which Plaintiff was entitled. He was personally tasked with delivering the check — demonstrating direct involvement in the transaction — and made a specific affirmative statement about the fee arrangement, demonstrating direct knowledge of the financial terms. The full extent of his knowledge will be established through discovery.

50. Ralph Charles made this statement with intent to induce reliance: He made the statement to induce Plaintiff to accept the check without questioning the transaction, without demanding a full accounting, and without discovering the unauthorized nature of the settlement.

51. Plaintiff justifiably relied on Ralph Charles's representation. She had no reason to disbelieve her attorney's brother when he personally delivered a check and affirmed that her counsel had been compensated. She had no access to the ECF docket, no knowledge of the proceedings in her case, and no independent means of verifying the representation at the time it was made.

52. As a direct result of the fraudulent misrepresentations of all Defendants, Plaintiff suffered: loss of the full value of her FLSA and NYLL claims; loss of the full settlement proceeds to which she was entitled; and all consequential and incidental damages set forth herein.

53. The fraudulent conduct of all Defendants was willful, wanton, deliberate, and in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION — Breach of Fiduciary Duty
*(Against Fred V. Charles and Charles Law, P.C.)*

54. Plaintiff repeats and realleges paragraphs above as if fully set forth herein.

55. Under New York law, a claim for breach of fiduciary duty requires: (1) the existence of a fiduciary relationship; (2) misconduct by the defendant in breach of that relationship; and (3) damages directly caused by that misconduct. *Kurtzman v. Bergstol*, 40 A.D.3d 588, 590 (2d Dep't 2007).

56. An attorney-client relationship is a paradigmatic fiduciary relationship. Fred V. Charles owed Plaintiff the duties of undivided loyalty, candor, full disclosure, and fidelity — including the duty to obtain her informed consent before settling her claims, to account for all funds received on her behalf, and to act solely in her interests and not his own.

57. Fred V. Charles breached those duties by: (a) forging Plaintiff's signature on four separate legal instruments over a period of three years; (b) settling Plaintiff's claims without her authorization; (c) filing a forged acceptance of judgment with this Court, causing the extinguishment of all her claims; (d) retaining settlement proceeds without a valid fee agreement, without any accounting, and without Plaintiff's consent; (e) failing to inform Plaintiff of any material development in her case, including the existence of a Rule 68 offer, the settlement, or the entry of judgment; and (f) falsely notarizing documents he knew to be forged.

58. These breaches were committed for Fred V. Charles's own financial benefit and at Plaintiff's direct expense. As a result, Plaintiff suffered loss of the full value of her underlying claims, loss of the full settlement proceeds, and all consequential damages herein.

59. The breach was willful, in bad faith, and for personal financial gain, entitling Plaintiff to punitive damages.

### FOURTH CAUSE OF ACTION — Aiding and Abetting Fraud
*(Against Ralph Charles)*

60. Plaintiff repeats and realleges paragraphs above as if fully set forth herein.

61. Under New York law, aiding and abetting fraud requires: (1) an underlying fraud; (2) actual knowledge of the fraud by the aider and abettor; and (3) substantial assistance that was the proximate cause of the plaintiff's damages. *Stanfield Offshore Leveraged Assets, Ltd. v. Metro. Life Ins. Co.*, 64 A.D.3d 472, 476 (1st Dep't 2009). Actual knowledge may be averred generally.

62. The underlying fraud is as alleged in the Second Cause of Action.

63. Ralph Charles had actual knowledge of the underlying fraud, demonstrated by his personal delivery of the settlement check and his specific, knowing representation that "Fred has already been paid." His position as a federal EEOC ADR Mediator with intimate familiarity with EEOC procedures, combined with his close relationship with Fred V. Charles, placed him in a unique position to have full knowledge of the fraudulent EEOC filings and the unauthorized

settlement. The full extent of his knowledge will be developed in discovery, including subpoenas directed to the EEOC.

64. Ralph Charles provided substantial assistance by: (a) personally delivering the settlement check — acting as the distribution mechanism for the converted proceeds; and (b) making the affirmative misrepresentation that "Fred has already been paid" — which prevented Plaintiff from discovering the fraud for over a year. His conduct was the proximate cause of Plaintiff's loss of full settlement proceeds and inability to timely challenge the unauthorized settlement.

## FIFTH CAUSE OF ACTION — Conversion
### *(Against All Defendants)*

65. Plaintiff repeats and realleges paragraphs above as if fully set forth herein.

66. Conversion under New York law requires: (1) the plaintiff's possessory right or interest in property; and (2) the defendant's dominion over the property in derogation of the plaintiff's rights. *Colavito v. N.Y. Organ Donor Network, Inc.*, 8 N.Y.3d 43, 49 (2006).

67. Plaintiff had a possessory right to the full settlement proceeds received by Fred V. Charles and/or Charles Law, P.C. from NMB. Fred V. Charles exercised unauthorized dominion over those proceeds by retaining them without any valid fee agreement, accounting, or authorization. Ralph Charles participated in the conversion by serving as the instrument through which a partial distribution was made while the balance was withheld.

68. Plaintiff suffered damages equal to the full amount of proceeds wrongfully retained, in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION — Unjust Enrichment
### *(Against All Defendants — Pleaded in the Alternative)*

69. Plaintiff repeats and realleges paragraphs above as if fully set forth herein.

70. Unjust enrichment under New York law requires: (1) the defendant was enriched; (2) at the plaintiff's expense; and (3) equity and good conscience require restitution. *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000).

71. Fred V. Charles and Charles Law, P.C. were unjustly enriched by the retention of Plaintiff's settlement proceeds without legal justification. Upon information and belief, Ralph Charles was also enriched by receipt of compensation for his role in the scheme. Equity requires disgorgement of all proceeds received.

## **PRAYER FOR RELIEF**

72. WHEREFORE, Plaintiff Olivia Nantongo respectfully demands judgment against Defendants as follows:

A. On the First Cause of Action (Judiciary Law § 487), compensatory damages trebled pursuant to § 487, against Fred V. Charles and Charles Law, P.C.

B. On the Second Cause of Action (Common Law Fraud), compensatory and punitive damages against all Defendants.

C. On the Third Cause of Action (Breach of Fiduciary Duty), compensatory and punitive damages against Fred V. Charles and Charles Law, P.C.

D. On the Fourth Cause of Action (Aiding and Abetting Fraud), compensatory and punitive damages against Ralph Charles.

E. On the Fifth Cause of Action (Conversion), the full value of all settlement proceeds wrongfully retained, in an amount to be determined at trial.

F. On the Sixth Cause of Action (Unjust Enrichment), disgorgement of all proceeds unjustly retained by Defendants.

G. Pre-judgment and post-judgment interest at the maximum rate permitted by law.

H. Attorneys' fees and costs to the extent permitted by applicable law; and

I. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Olivia Nantongo hereby demands a trial by jury on all issues so triable.

Dated: March 25, 2026

By:

*/S/Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
Counsel for Plaintiff
T. A. Blackburn Law PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236-4160
Tel: 347-342-7432

## **<u>PRESERVATION NOTICE</u>**

The term "you," "your," or "yours" as used herein shall refer to you (the recipient of this letter), as well as to the respondents and any individuals responsible for the custody and control of the below information, including, but not limited to, those individuals' administrative assistants, secretaries, agents, employees, information technology personnel and third-party vendors.

From this point forward, you are directed to prevent "spoliation," defined as altering, changing, updating, destroying (even if periodically), editing, or deleting any information set forth hereafter.

**If you cause any such alteration, destruction, or change, direct it, or allow it to occur, you may be charged with discovery rule violations for which sanctions may be imposed.  Further, your failure to abide by this request could result in severe penalties against you and form the basis of legal claims for spoliation**.

Electronically Stored Information:

In terms of electronically stored information, you are directed to prevent any destructive, alternative or other change to any web pages, virtual profiles or identical (including, but not limited to, Facebook, Instagram, Pinterest, Twitter, Tumblr, LinkedIn, Snapchat, Google Plus+, Flickr, Vine, About.me, ask.fm etc., or any other social media-based web profile or networking site account), emails, voice messages, text messages, instant messages or messaging systems, recordings, digital recordings, media images and videos, temporary memory, memory sticks, portable memory devices, laptops or computers, C.D.s, DVDs, USB devices, databases, computer activity logs, internet browsing history (including cookies), network access and server activity logs, word processing files and file fragments, backup and archival files, imaging and facsimile files, electronic calendar and scheduling program files and file fragments as well as any other contact and relationship management data (e.g., Outlook), electronic spreadsheet files and file fragments, pertaining in any way to this controversy of the parties or any potential witnesses.  This includes a request that such information not be modified, altered, or deleted due to data compression or disk fragmentation (or other optimization procedures), which processes you are at this moment directed to suspend until that data can be preserved, copied, and produced.

You are directed not to modify, alter, or delete, or allow modifications, alterations, or deletions to be made to any electronically stored information.  You are further directed to preserve all, and not to destroy any, passwords, decryption productions (including, if necessary, the software to decrypt the files), network access codes, manuals, tutorials, written instructions, decompression or reconstruction software, and any other information and things necessary to access, view and (if necessary) reconstruct the electronic data we will request through discovery.

Paper Information:

In terms of the paper information, you are directed to preserve any and all emails, videos, texts, memos, reports, documents, notes, correspondence, photographs, investigative information, or other documents that pertain in any way to the controversy, parties, or witnesses in this matter. Through discovery, we expect to obtain a number of documents and other data from you, including text messages, emails, photographs, and other information stored on computers, electronic devices, and telephones.

Although we may bring a motion with a court to order the preservation of documents and other data from destruction or alteration, your obligation to preserve documents and other data for discovery, in this case, arises independently from any order on such motion.

Electronic documents and the storage media, including but not limited to telephones on which they reside, contain relevant, discoverable information beyond what may be found in printed documents. Therefore, even where a paper copy exists, we will likely seek all documents in their original, electronic form, along with metadata or information about those documents in the media. We will seek paper printouts of only those documents that contain unique information created after they were printed (e.g., paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting, and redactions) and any paper documents for which no corresponding electronic files exist.

The laws and rules prohibiting the destruction of evidence apply to electronically stored information in the same manner they apply to other evidence. Due to its format, electronic information is quickly deleted, modified, or corrupted. Accordingly, you must take every reasonable step to preserve this information until the final resolution of this matter. This may include, but would not be limited to, an obligation to discontinue all data destruction and backup tape recycling policies.

Relevant evidence should not be destroyed in electronic data created after filing this pleading. You must take the necessary steps to prevent its destruction.

Dated: March 25, 2026

By:

*/S/Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
Counsel for Plaintiff
T. A. Blackburn Law PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236-4160
Tel: 347-342-7432