

# T. A. BLACKBURN LAW

### TYRONE A. BLACKBURN

_____

MEMBER OF
NY & NJ BAR

_____

FEDERAL MEMBERSHIP
EDNY, SDNY, & DNJ

_____

1242 EAST 80TH STREET, 3RD FLOOR
BROOKLYN, NY 11236

April 22, 2026

<u>Via ECF</u>
Hon. Orelia E. Merchant
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Nantongo v. Charles et al.*, No. 1:26-cv-01769 (OEM)(VMS)
Plaintiff's Opposition to Defendants' Letter-Motion for Stay, Extension, and Rule 12(f) Relief

Dear Judge Merchant:

Plaintiff Olivia Nantongo respectfully submits this letter in opposition to Defendants' April 22, 2026 letter-motion seeking: (1) a stay of Defendants' deadline to answer or otherwise respond; (2) alternatively, a sixty-day extension of time to respond; and (3) an order under Rule 12(f) directing Plaintiff to re-file the Complaint without photographs of the individual defendants. Defendants filed that application by letter on April 22, 2026, asserting overlap with the related <u>Nationwide Mortgage Bankers</u> action and claiming the photographs were included solely for harassment. Judge Merchant's Individual Rules require written submissions on ECF and provide that pre-motion conference procedures apply only to certain enumerated motions, not to the sort of non-dispositive letter application presented here.

1.  **A stay is unwarranted.**

Defendants contend that this action should be stayed because a motion to vacate remains pending in <u>Nantongo et al. v. Nationwide Mortgage Bankers, Inc.</u>, No. 22-cv-4974, and because they speculate that a ruling there may have "preclusive effect" here. But Defendants identify no order requiring such a stay, no actual inconsistency in deadlines, and no concrete hardship from answering the Complaint. Their filing instead shows only that the two matters arise from related events; that is not enough to halt a separately filed civil action asserting tort and related claims against different defendants.

2.  **The requested sixty-day extension is unsupported.**

Defendants' alternative request for a sixty-day extension should also be denied, or at minimum sharply limited. Defendants state that April 22, 2026, was their deadline to answer or otherwise respond and that this is their first request, but they offer only a generalized assertion that they need time to retain outside counsel. They never met and conferred with Plaintiff's counsel regarding any stay or extension before filing their letter, and they waited until the very day their answer or motion was due to seek relief. That is the opposite of the practice contemplated by this

 347-342-7432    ✉ tblackburn@tablackburnlaw.com    🌐 TABlackburnlaw.com

1



## T. A. BLACKBURN LAW

Court's rules, which require that requests for adjournments or enlargements be made at least two business days in advance, absent an emergency, and accompanied by an explanation and the adversary's position.

3.  **Rule 12(f) relief is not warranted.**

Defendants' Rule 12(f) request should be denied. Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." USCS Fed Rules Civ Proc R 12. The rule applies strictly to pleadings as defined under Rule 7(a), which includes complaints, answers, counterclaims, crossclaims, and similar documents, but not motions, declarations, or affidavits. USCS Fed Rules Civ Proc R 12; USCS Fed Rules Civ Proc R 7; In re Residential Capital, LLC, 523 B.R. 24 (2014).

Motions to strike under Rule 12(f) are generally disfavored and are granted only in limited circumstances. Courts are reluctant to strike material unless it is clear that the allegations have no possible bearing on the subject matter of the litigation. Homaidan v. SLM Corp. (In re Homaidan), 596 B.R. 86 (2019). To succeed on a motion to strike, the moving party must demonstrate: (1) no evidence in support of the allegation would be admissible; (2) the allegations have no bearing on the issues in the case; and (3) allowing the allegations to remain would result in prejudice to the movant. Homaidan, 596 B.R. 86; Badar v. Swissport USA, Inc., 492 F. Supp. 3d 54 (2020). Additionally, evidentiary questions are typically avoided at the pleading stage, as relevancy and admissibility are better addressed in the context of an ongoing trial. Wine Mkts. Int'l v. Bass, 177 F.R.D. 128 (1998).

Immaterial matter under Rule 12(f) refers to content that has no essential or important relationship to the claim for relief, while impertinent material consists of statements unrelated to the disputed issues. In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 402 F. Supp. 2d 434 (2005). Courts have further emphasized that motions to strike should not be used as a dilatory tactic and should only be granted when there is a strong reason for doing so. Wine Mkts. Int'l, 177 F.R.D. 128; Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253 (2011). Scandalous matters in particular may only be stricken if they are both irrelevant and prejudicial — a conjunctive standard Defendants do not even attempt to meet here. Wine Mkts. Int'l, 177 F.R.D. 128; Copantitla, 788 F. Supp. 2d 253.

Defendants make no such showing here. The photographs of the individual defendants are directly relevant to Plaintiff's claims: this action arises from Fred V. Charles, Esq.'s alleged forgery of Plaintiff's signature on three separate documents and his notarization of one of those documents under penalty of perjury, wherein he falsely attested that Plaintiff appeared before him and that he verified her identity by examining her identification — conduct constituting multiple felonies and misdemeanors. The individual defendants are the central actors in that alleged scheme, and their identities are plainly material to the pleading. Defendants' request to use Rule 12(f) to obscure their identities and deflect attention from those allegations is precisely the dilatory misuse of the rule that courts have consistently rejected.

4.  **Defendants' ad hominem attacks underscore their lack of a defense on the merits.**

Defendants' letter devotes the bulk of its pages to attacking Plaintiff's counsel and invoking unrelated litigations in other courts — a telling choice that reveals the weakness of their actual position. Rather than articulating any substantive defense to the claims asserted against them,



# T. A. BLACKBURN LAW

Defendants resort to characterizing counsel's communications as "unhinged," citing cases from other jurisdictions, and attaching irrelevant correspondence. That tactic is transparent: Defendants have no answer to the core allegations before this Court.

Plaintiff alleges that Fred V. Charles, Esq. forged her signature on three separate documents and notarized one of those documents under penalty of perjury, falsely attesting that Plaintiff appeared before him in person and that he verified her identity by examining her identification. That conduct — if proven — constitutes multiple felonies and misdemeanors under New York law, including forgery in the second degree, N.Y. Penal Law § 170.10, offering a false instrument for filing, N.Y. Penal Law § 175.30, and false swearing in connection with the notarization, N.Y. Exec. Law § 137. These are not peripheral allegations — they are the heart of this case.

Moreover, Defendants' letter-motion itself raises serious Rule 11 concerns. Federal Rule of Civil Procedure 11 imposes a duty on attorneys and parties to ensure that filings are not made for improper purposes — such as harassment — and that they are warranted by existing law or a nonfrivolous argument for modifying the law. Eberhardt v. Walsh, 122 F.4th 681 (2024); Mazurek v. Metalcraft of Mayville, Inc., 110 F.4th 938 (2024). Ad hominem attacks that are irrelevant and inflammatory may be viewed as violating Rule 11(b)(1) by serving an improper purpose — namely, to harass or demean opposing counsel. Courts have discretion to impose sanctions under Rule 11(c) for such conduct, including striking the offending material or imposing monetary penalties. Eberhardt, 122 F.4th 681; Mazurek, 110 F.4th 938. Defendants' effort to shift the Court's focus to Plaintiff's counsel's supposed conduct is a calculated attempt to distract from the gravity of what is alleged against them, and it should be rejected.

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' letter-motion in full and direct Defendants to answer or otherwise respond to the Complaint within a prompt period set by the Court.

Kind regards,

*/s/Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC.

 347-342-7432    tblackburn@tablackburnlaw.com   TABlackburnlaw.com

3