# CHARLES LAW, P.C.

**Attorneys at Law**

_____

Member of the New York Bar

July 10, 2026

<u>Via ECF</u>
Hon. Orelia E. Merchant
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Nantongo. v. Charles et al.*, 1:26-cv-1769 (OEM)(VMS)
      <u>Defendants' Request for a Pre-Motion Conference</u>

Dear Judge Merchant:

I represent myself, Charles Law, P.C., and Ralph Charles")(collectively, "Defendants") in the above-referenced action.  This letter is to respectfully request a pre-motion conference or, alternatively, a briefing schedule in anticipation of Defendants' Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) motion to dismiss Plaintiff's complaint in its entirety. Further, Defendants respectfully request that the Court refer Plaintiff's counsel Tyrone A. Blackburn to the Grievance Committee for the Eastern District of New York for recidivist misconduct for which he's already been sanctioned.  Mr. Blackburn has a well-established track record of putting his own clients and himself in legal jeopardy, as here, for presenting works of fiction as legal claims.  However, this "lawsuit" may be his most egregious misconduct. Without knowing Mr. Blackburn's background, it may be hard to believe that a licensed attorney could be so brazen as to simply make up facts and file it in a federal court.  But this is exactly what is happened here.

First, Defendants respectfully request the Court strike Defendants' photographs and personal information from the Complaint and sanction Plaintiff Olivia Nantongo and her counsel Tyrone A. Blackburn for including individual Defendants' photographs in her frivolous complaint.  Mr. Blackburn was previously admonished and sanctioned for this behavior, but continues to engage in this practice as a means to harass defendants.  In *Facey v. Fisher*, 2025 N.Y. Misc. LEXIS 7630, at *5 (Kings County Sup. Ct. 2025),  New York State Supreme Court Justice Mary V. Rosado stated in her Order: "Moreover, the Court finds the Complaint to be malicious and aimed at embarrassing and harassing Defendants. There is no reason why Plaintiff's counsel [Tyrone A. Blackburn] decided to include  [Defendant's] photograph in the Complaint.  Moreover, although United States District Judge Valerie Caproni warned Plaintiff's counsel [Tyrone A. Blackburn] his conduct was sanctionable, he has done nothing to correct his unprofessional and deceitful behavior in this action."). And so it continues.

I.    This Court Lacks Subject Matter Jurisdiction

This Court lacks subject matter jurisdiction because Plaintiff and Defendants are not in complete diversity. Ms. Nantongo alleges that this Court has subject matter jurisdiction based on diversity under 28 U.S.C. § 1332. However, 28 U.S.C. § 1332 requires complete diversity of citizenship. Ms. Nantongo is domiciled in the State of New York. Plaintiff apparently attempts to plead diversity by stating that she is a Swedish citizen. However, nationality is not citizenship for purposes of diversity jurisdiction. While it may be true that Ms. Nantongo, a native Ugandan, is a naturalized Swedish citizen, but she is not domiciled in Sweden. Ms. Nantongo is a U.S. Lawful Permanent Resident (green card holder) through marriage, who, by federal law, may not be domiciled outside of the United States without abandoning her status as a U.S. Lawful Permanent Resident. *Ahmed v. Ashcroft*, 286 F.3d 611, 611 (2d Cir. 2002).

Mr. Blackburn has a troubling history of improperly filing cases in federal court with no basis in law for subject matter jurisdiction or improper venue. As stated by Senior U.S. District Judge for the Southern District of New York Denise L. Cote:

> Attorney Tyrone A. Blackburn filed this action, asserting that jurisdiction exists pursuant to 28 U.S.C. § 1332. He did so without conducting a reasonable inquiry to support that assertion. **Because this filing appears to be part of a pattern**, he will be referred to this Court's Grievance Committee.

*Zunzurovski v. Fisher*, No. 23-cv-10881 (DLC), 2024 U.S. Dist. LEXIS 62568, at *1 (S.D.N.Y. April 3, 2024)(emphasis added).

In her Opinion, Judge Cote found at least five (5) cases in the Southern District alone where Mr. Blackburn improperly filed cases in federal court without subject matter jurisdiction. In fact, Judge Cote cites an action in the Southern District where, as here, Mr. Blackburn attempted to pass nationality as citizenship for purposes of subject matter jurisdiction. Judge Cote's referral of Mr. Blackburn to the Grievance Committee has not effectively deterred Mr. Blackburn's misconduct. Therefore, Defendants respectfully request the court fashion and appropriately sanction Mr. Blackburn to correct his conduct.

II.   Judiciary Law § 487 Does Not Apply to Federal Court Actions

Plaintiff's claim for misconduct under Judiciary Law § 487 must be dismissed because the conduct complained of arose in a federal court action, not in a New York state court action. Judiciary Law § 487 applies only to attorney misconduct in New York state court actions, not federal court actions. Judiciary Law § 487 is preempted by Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and federal court's' inherent power to sanction. *SGM Holdings LLC v. Andrews,* 743 F. Supp. 3d 545 (E.D.N.Y. 2024). Here, Plaintiff complains of conduct in a related federal case, *Nantongo v. Nationwide Mort., Bankers, Inc.*, No. 22-cv-4974 (OEM)

(VMS)(EDNY)(the "Related Case").  There are no allegations of misconduct in New York state courts at play in this action; therefore, this claim must be dismissed.

### III.    Plaintiff Fails to Plead Common Law Fraud

Plaintiff fails to plausibly plead a claim for common law fraud.  Common law fraud involves misrepresentation of material facts and an intent to deceive. *Haggerty v. Cianrelli & Dempsey*, 374 Fed. App'x 92, 95 (2d Cir. 2010).  Here, Plaintiff cannot maintain a claim for fraud because the "facts," as they exist in *the Related Case*, differ from the facts stated herein.  In other words, Plaintiff cannot keep up with her own lies.  For example, in the Related Case, Plaintiff contacted me in January 2026 for an update on a non-existent sexual harassment case she alleged I settled without her knowledge.  Here, Plaintiff alleges that I filed a sexual harassment charge with the U.S. Equal Employment Opportunity Commission without her knowledge.  In other words, Plaintiff called me for an update on a sexual harassment claim she now alleges that I had no authority to file on her behalf.  Fraud claims come with heightened pleading standards under the Federal Rules of Civil Procedure, and that standard cannot be met where, as here, Plaintiff contradicts herself on basic facts.

### IV.    Plaintiff Fails to Plausibly Plead Breach of Fiduciary Duty

Plaintiff has failed to plead breach of fiduciary duty because she has failed to plausibly allege any unearned legal fees by counsel.  First, Plaintiff fails to even mention she received a check from the defendant for $28,000 (out of a total settlement for $45,000).  My fee was actually *less* than I was entitled to under my agreement with Plaintiff.  Ms. Nantongo cashed the check, spent the money and now, one year later has returned to allege that she was somehow defrauded.

### V.    Plaintiff Fails to Plead the Elements for Conversion

Plaintiff's claim for conversion must be dismissed because Plaintiff fails to plausibly plead that I improperly exercised control of her property. *Regions Bank v. Weidler & Mastroianni, P.C.,*  524 F. Supp. 2d 41 (S.D.N.Y. )("To maintain a claim for conversion, a plaintiff must show 'legal ownership of a specific identifiable piece of property and the defendant's exercise of dominion over or interference with the property in defiance of the plaintiff's rights.'").  Further, "When a defendant's possession of the property was initially lawful, there is no conversion unless the defendant refuses the owner's demand to return the property or wrongfully transfers or disposes of it before a demand is made. *Id.*  Here, Nantongo fails to identify any specific property in which Defendants exercised dominion or control in derogation of her rights.

VI.    <u>Plaintiff's Claim for Unjust Enrichment  Must Be Dismissed Due to a Valid Contractual Relationship</u>

Plaintiff's claim for unjust enrichment must be dismissed because a claim for unjust enrichment may not be maintained where there was a valid written agreement between the parties. *Scarola v. Ellis,* 116 A.D.3d 609, 609 (1st Dept. 2014).  I provided Plaintiff with a letter of engagement twice, both of which complied with the relevant regulations.  Therefore, Plaintiff's claim for unjust enrichment as all her other claims, is frivolous and must be dismissed.

Thank you for your consideration of this matter.

Respectfully submitted,

CHARLES LAW, P.C.

Fred V. Charles, Esq.
244 Fifth Ave., Suite #2717
New York, New York 10001-7604
Phone: (646) 494-2662
Fax:    (800) 757-9630
Email: fcharles@charleslawpc.com