# T. A. BLACKBURN LAW, PLLC

1242 East 80th Street, 3rd Floor, Brooklyn, New York 11236
Tel: (347) 342-7432 | Email: tblackburn@tablackburnlaw.com

July 14, 2026

*Via ECF*
Hon. Orelia E. Merchant
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Nantongo v. Charles et al., No. 1:26-cv-01769 (OEM)(VMS)*

**Plaintiff's Request for a Pre-Motion Conference for Leave to File an Amended Complaint, and Response to Defendants' July 10, 2026, Letter (ECF No. 17)**

Dear Judge Merchant:

I represent Plaintiff Olivia Nantongo and write in response to Defendants' July 10, 2026, letter (ECF No. 17), which previews a motion to dismiss under Rules 12(b)(1) and 12(b)(6) and seeks sanctions and a Grievance Committee referral. Rather than burden the Court with plenary motion practice, Plaintiff requests a pre-motion conference and leave to file an Amended Complaint under Rule 15(a)(2). The amendment would clarify the jurisdictional allegations and refine Plaintiff's claims, obviating much of the anticipated motion. Leave is "freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), and is especially appropriate where a plaintiff moves to cure a pleading point promptly upon its being raised.

I.      Subject-Matter Jurisdiction Is Proper, and Any Ambiguity Is Curable by Amendment.

Defendants contend the Court lacks diversity jurisdiction because Ms. Nantongo is a lawful permanent resident who, they say, cannot be domiciled abroad without abandoning that status, citing Ahmed v. Ashcroft, 286 F.3d 611 (2d Cir. 2002). This conflates two distinct inquiries. Ahmed concerns whether a permanent resident abandoned her immigration status—a question of immigration law. It says nothing about diversity domicile, which turns on physical presence and intent to remain, assessed as of the filing date. A person's immigration classification does not dictate her diversity domicile.[1]

When this action was commenced on March 25, 2026, Ms. Nantongo was a citizen of Sweden domiciled in Sweden, where she had relocated to care for her children following a death

---

[1] For purposes of diversity jurisdiction under, 28 USCS § 1332. state citizenship is the equivalent of "domicile" . Kanter v. Warner-Lambert Co., 265 F.3d 853 (2001), McCormick v. Aderholt, 293 F.3d 1254 (2002), Crowley v. Glaze, 710 F.2d 676 (1983). Domicile is a compound of physical presence in a state plus the concurrent "intention to remain there indefinitely" or to make that place one's "true, fixed, and permanent home" . Kanter v. Warner-Lambert Co., 265 F.3d 853 (2001), McCormick v. Aderholt, 293 F.3d 1254 (2002), Crowley v. Glaze, 710 F.2d 676 (1983). Unlike the immigration context, which evaluates whether a trip abroad is "temporary" based on a relatively short or fixed return window, Ahmed v. Ashcroft, 286 F.3d 611 (2002), Katebi v. Ashcroft, 396 F.3d 463 (2005). a change in diversity domicile requires establishing a physical presence in a new location with the intent to remain there indefinitely . McCormick v. Aderholt, 293 F.3d 1254 (2002), Crowley v. Glaze, 710 F.2d 676 (1983).

in her family. She does not reside in New York and has no New York domicile. Diversity thus exists under 28 U.S.C. § 1332(a)(2), between a foreign citizen (Sweden) and New York citizens (Defendants). The narrow exception barring suits "between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence … and are domiciled in the same State" does not apply, because Ms. Nantongo was not domiciled in New York (or any State). Defendants also rely on the repealed "deeming" proviso, eliminated by the Federal Courts Jurisdiction and Venue Clarification Act of 2011; under current § 1332(a)(2), a permanent resident is no longer deemed a citizen of any State.

Defendants' own conduct confirms the point. Defendant Ralph Charles knew Ms. Nantongo was leaving New York—while she was moving, he asked to store clothing she planned to discard. A defendant who holds a departing plaintiff's belongings as she moves away cannot credibly claim she remained domiciled here. In all events, any imprecision in the operative pleading is the kind of defect leave to amend cures: Plaintiff's Amended Complaint will plead her Swedish citizenship and Swedish domicile as of the filing date, together with the specific facts establishing that domicile.

II.    <u>Plaintiff's Judiciary Law § 487 Claim Is Not Foreclosed as a Matter of Law</u>.

Defendants argue that Judiciary Law § 487 categorically cannot reach conduct connected to a federal action, citing <u>SGM Holdings LLC v. Andrews</u>, 743 F. Supp. 3d 545 (E.D.N.Y. 2024). Defendants overstate that authority; courts in this District and the Southern District treat the question as unsettled and often resolve such claims on other grounds[2]. The reach of § 487 is a contested legal question fit for full briefing—not a basis to brand the claim frivolous. Plaintiff's amendment will plead the claim with added particularity, and Plaintiff will narrow or withdraw it if, after conferral, the Court deems it unviable.

III.    <u>Plaintiff Adequately Pleads Fraud, and Amendment Will Confirm Rule 9(b) Particularity</u>.

Defendants assert that Plaintiff's fraud allegations are contradicted by the related action. There is no contradiction. That Ms. Nantongo contacted Mr. Charles for an update, and that he filed an EEOC charge and resolved a matter without her informed authorization, are not mutually exclusive—they are consistent with a client who learned only later what her attorney had done in her name. Whether Defendants' competing account is credible is a factual dispute for discovery, not a Rule 12(b)(6) basis for dismissal. The Amended Complaint will set out the who, what, when, where, and how with the particularity Rule 9(b) requires.

IV.    <u>Plaintiff Adequately Pleads Breach of Fiduciary Duty</u>.

That Defendants remitted $28,000 of a $45,000 settlement and charged less than their agreement permitted does not defeat the claim; it raises fact questions. An attorney's fiduciary duties extend beyond disbursing a check—they include obtaining informed consent to settle, disclosing terms, avoiding self-dealing, and rendering a proper accounting[3]. Plaintiff alleges, and

---

[2] applicability of New York Judiciary Law § 487 to federal court proceedings is an unsettled issue in the Eastern and Southern Districts of New York. While SGM Holdings LLC v. Andrews, 743 F. Supp. 3d 545 (2024). and several other decisions hold that the statute is preempted by federal rules and is structurally limited to state court proceedings, other courts have cast doubt on this limitation or have chosen to resolve Section 487 claims on substantive pleading deficiencies rather than address the jurisdictional or preclusive boundaries of the statute.

[3] An attorney owes a client comprehensive fiduciary duties in the context of a settlement, which are grounded in the highest standards of loyalty, good faith, disclosure, and fair dealing. Arce v. Burrow, 958 S.W.2d 239 (1997), Delaney v. Dickey, 244 N.J. 466 (2020). These obligations require the attorney to obtain the client's informed consent prior to entering a settlement, provide full disclosure of all material settlement terms, strictly avoid self-dealing or prioritizing their own financial interests, and render a precise, complete accounting of all settlement funds . Arce v. Burrow, 958

the amendment will detail, that Defendants settled and executed documents without her authorization and forged her signature—a breach independent of how the funds were ultimately distributed.

V.      <u>Plaintiff Adequately Pleads Conversion</u>.

The specific property is Ms. Nantongo's identifiable share of the settlement proceeds. To the extent Defendants retained or applied funds beyond what they were authorized to keep, or controlled her share without consent, they wrongfully exercised dominion over her property. The amendment will specify the amount at issue and the demand and refusal, curing the concern Defendants raise.

VI.      <u>The Unjust-Enrichment Claim Is Properly Pleaded in the Alternative</u>.

That Defendants provided an engagement letter does not defeat unjust enrichment at the pleading stage. A plaintiff may plead it in the alternative where the existence, validity, or scope of the governing agreement is disputed as here, given the forgery and authorization allegations. Whether a valid agreement fully governs the parties' dealings is best resolved after discovery.

VII.      <u>Defendants' Requests for Sanctions and a Grievance Referral Should Be Denied</u>.

Defendants devote much of their letter to attacking the undersigned and citing unrelated matters. Those requests are meritless and premature. Sanctions under Rule 11 and 28 U.S.C. § 1927 are reserved for objectively baseless filings made in bad faith; a good-faith dispute over jurisdiction and pleading sufficiency—the very issues Defendants wish to brief—does not qualify, and Plaintiff's prompt request to amend is the opposite of sanctionable conduct. Rulings in other cases have no bearing on this complaint, which stands on its own record.

VIII.    <u>Proposed Relief</u>.

For the foregoing reasons, Plaintiff respectfully requests that the Court (a) schedule a pre-motion conference; (b) grant Plaintiff leave to file the proposed Amended Complaint within a time set by the Court, obviating much of Defendants' anticipated motion; and (c) deny Defendants' requests for sanctions and a Grievance Committee referral. Counsel is available at the Court's convenience and has attempted, and will continue to attempt, to meet and confer regarding a schedule.

Respectfully submitted,

<i>/s/ Tyrone A. Blackburn, Esq.</i>
Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236
Attorney for Plaintiff Olivia Nantongo

---

S.W.2d 239 (1997), Fleming v. Curry, 412 S.W.3d 723 (2013), Prakashpalan v. Engstrom, Lipscomb & Lack, 223 Cal. App. 4th 1105 (2014), Neville v. Davinroy, 41 Ill. App. 3d 706 (1976). Because the attorney-client relationship is a fiduciary one as a matter of law, any transaction surrounding a settlement is subject to the closest scrutiny, placing the burden on the attorney to demonstrate fairness and good faith . Fleming v. Curry, 412 S.W.3d 723 (2013), Neville v. Davinroy, 41 Ill. App. 3d 706 (1976).