**CHARLES LAW, P.C.**
**Attorneys at Law**

Member of the New York Bar

August 21, 2026

Via ECF
Hon. Orelia E. Merchant
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Nantongo. v. Charles et al.*, 1:26-cv-1769 (OEM)(VMS)
Defendants' Request for a Pre-Motion Conference

Dear Judge Merchant:

I represent myself, Charles Law, P.C. and Ralph Charles")(collectively, "Defendants") in the above-referenced action. This letter is to respectfully request a pre-motion conference or, alternatively, that the Court set a briefing schedule in anticipation of Defendants' Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) motion to dismiss Plaintiff's Amended Complaint in its entirety.

I. This Court Lacks Subject Matter Jurisdiction

This Court lacks subject matter jurisdiction because Plaintiff and Defendants are not in complete diversity because Defendants and Ms. Nantongo are domiciled in the State of New York. Ms. Nantongo alleges that this Court has subject matter jurisdiction based on diversity under 28 U.S.C. § 1332(a)(2). Ms. Nantongo has now expressly acknowledged that she is a U.S. Lawful Permanent Resident ("LPR"). Ms. Nantongo then confusingly alleges that she is not domiciled in *any* state in the United States, but that she was domiciled in Sweden when this action was filed on March 23, 2026. Ms. Nantongo further alleges that she was in Sweden to "care for her children" and for a "death in the family." Both of these facts indicate that Ms. Nantongo was in Sweden temporarily. Under federal law, Ms. Nantongo's contentions are untenable because an LPR must be domiciled in the U.S., hence the word "permanent" in LPR. *Ahmed v. Ashcroft*, 286 F.3d 611, 611 (2d Cir. 2002). Ms. Nantongo was in Sweden temporarily to visit her two adult children who live in Sweden, and as a matter of law, she was not domiciled in Sweden. Any further amendment of the complaint in this action would be futile because Plaintiff simply cannot change the fact of her domicile at the time this action was commenced.

II. Judiciary Law § 487 Does Not Apply to Federal Court Actions

Plaintiff's claim for misconduct under Judiciary Law § 487 must be dismissed because the conduct in question arose in a federal court action, not in a New York state court action. Judiciary Law § 487 applies only to attorney misconduct in New York state court actions, not

federal court actions. Judiciary Law § 487 is preempted by Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and federal court's' inherent power to sanction. *SGM Holdings LLC v. Andrews,* 743 F. Supp. 3d 545 (E.D.N.Y. 2024).

III. Plaintiff Fails to Plead Common Law Fraud

Plaintiff fails to plausibly plead any claims for fraud. Common law fraud involves misrepresentation of material facts and an intent to deceive. *Haggerty v. Cianrelli & Dempsey*, 374 Fed. App'x 92, 95 (2d Cir. 2010). Here, Plaintiff cannot maintain a claim for fraud because the "facts," as stated herein, are more confusing than plausible, and do not state any claims for fraud. Plaintiff now acknowledges she was provided a written letter of engagement and that she received a net amount of $28,000 as settlement for her wage-and-hour claims. Plaintiff then claims that she relied on a statement that "Fred has been paid," Plaintiff fails to state how this statement was a misrepresentation of a material fact. "Fred" was paid for his legal services and Plaintiff, at the time, did not object to this fact. Further, Plaintiff fails to state with particularity what she *thought* she was entitled to, and only speculates as to any incurred damages.

IV. Plaintiff Fails to Plausibly Plead Breach of Fiduciary Duty

Plaintiff has failed to plead breach of fiduciary duty because she has failed to plausibly allege any unearned legal fees by counsel. First, Plaintiff has evolved her complaint to expressly acknowledge that she received a check from the defendant in the underlying action for $28,000 (out of a total settlement for $45,000). My fee was actually *less* than I was entitled to under my agreement with Plaintiff in the letter of engagement Plaintiff now acknowledges was provided to her. Ms. Nantongo cashed the check, spent the money and now, over one year later, has returned to allege that she was somehow defrauded. Further, this claim is duplicative of Plaintiff's legal malpractice claim, and, therefore, must be dismissed. *See Nordwind v. Rowland*, 584 F.3d 420 (2d Cir. 2009).

V. Plaintiff Fails to Plead the Elements for Conversion

Plaintiff's claim for conversion must be dismissed because Plaintiff fails to plausibly plead that I improperly exercised control of her property. *Regions Bank v. Weidler & Mastroianni, P.C.,* 524 F. Supp. 2d 41 (S.D.N.Y. )("To maintain a claim for conversion, a plaintiff must show 'legal ownership of a specific identifiable piece of property and the defendant's exercise of dominion over or interference with the property in defiance of the plaintiff's rights.'"). Further, "When a defendant's possession of the property was initially lawful, there is no conversion unless the defendant refuses the owner's demand to return the property or wrongfully transfers or disposes of it before a demand is made. *Id.* Here, Nantongo fails to identify any specific property in which Defendants exercised dominion or control in derogation of her rights.

VI. Plaintiff Fails to State a Claim for Unjust Enrichment

Plaintiff's claim for unjust enrichment must be dismissed because a claim for unjust enrichment may not be maintained where there was a valid written agreement between the parties. *Scarola v. Ellis,* 116 A.D.3d 609, 609 (1st Dept. 2014). In her Amended Complaint, Ms. Nantongo now acknowledges that she was provided a written letter of engagement. Ms. Nantongo also expressly acknowledges that she received her settlement funds in the net amount of $28,000. Further, Plaintiff's claim for unjust enrichment is duplicative of her legal malpractice claim. *See Gagliardi v. Prager Metis CPAs LLC*, 738 F. Supp. 469 (S.D.N.Y. 2024).

VII. Plaintiff Fails to Plead Malpractice

Plaintiff's conclusory and disjointed factual allegations fail to plausibly plead a claim for legal malpractice. In order to plead a claim for legal malpractice, a plaintiff must plausibly plead the attorney's negligence; that the attorney was the proximate cause of the damages sustained; and proof of actual damages. *Beigleman v. Petrodyan*, No. 10-cv-3471 (CBA)(JO), 2011 U.S. Dist. LEXIS 173466 at *5 (E.D.N.Y. May 27, 2011). Here, Plaintiff has failed to plead legal malpractice, as a matter of law, because any alleged damages are merely speculative. Ms. Nantongo has now evolved her allegations and has expressly acknowledged receipt of the settlement check in the amount of $28,000 from the defendant in the underlying action. Any claim of further damages are merely speculative, and must be dismissed.

VIII. Plaintiff's Claim for Equitable Accounting Must Be Dismissed as a Matter of Law

Plaintiff's claim for equitable accounting must be dismissed because Defendants were never entrusted with Plaintiff' funds and Plaintiff has pleaded several other legal remedies in this action. To state a claim for equitable accounting under New York law, a plaintiff must plausibly plead: (1) relations of a mutual and confidential nature; (2) money or property entrusted to a defendant, imposing upon him a burden of accounting; (3) that there is no adequate remedy at law; (4) and in some cases, a demand for an accounting and a refusal. *Associated Mort. Bankers, Inc. v. Calcon Mut. Mortg. LLC,* 159 F. Supp. 3d 324 (E.D.N.Y. 2016). Here, Plaintiff's claim must be dismissed because she has pleaded several claims with legal remedies, including breach of contract and breach of fiduciary duty. Further, Defendants in this action were never entrusted with Plaintiff's funds.

Thank you for your consideration of this matter.

Respectfully submitted,

CHARLES LAW, P.C.

Fred V. Charles, Esq.
244 Fifth Ave., Suite #2717
New York, New York 10001-7604
Phone: (646) 494-2662
Fax: (800) 757-9630
Email: fcharles@charleslawpc.com